IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE J. WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-03-95-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On March 19, 2004, United States District Judge Vicki Miles-LaGrange entered an Order and Judgment in this case reversing the decision of defendant Commissioner of the Social Security Administration ("Commissioner") and remanding this case for further administrative proceedings. On remand, the agency found that plaintiff had been disabled and entitled to benefits since August 1999. On December 14, 2008, the agency issued a Notice of Award which indicates that 25% of his back benefits, or $14,926.00, was withheld for purposes of paying attorney fees. Based on same, on April 7, 2009, plaintiff filed her Motion for Relief and her Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [docket nos. 29 and 30]. No response was filed by the Commissioner. As this matter is ripe for adjudication, the Court makes its determination.

In her application, plaintiff requests an award of attorney fees in the amount of $14,926.00 based upon her agreement to pay counsel a contingency fee of 25% of any past-due benefits obtained. Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

> reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The United States Supreme Court has concluded:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal citation omitted). Further,

> [i]f the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 808 (internal citations omitted).

Having carefully reviewed plaintiff's submission, the Court finds that an award of $14,926.00, which is twenty-five percent of plaintiff's past due benefits awarded, is reasonable for the services plaintiff's attorney rendered in this case. Specifically, the Court finds that plaintiff's counsel provided favorable representation by obtaining plaintiff an award of $59,704.00 in back benefits. This award appears to be the direct result of plaintiff's counsel's efforts after the agency's previous denials of benefits to plaintiff, rather than the result of a fortuitous event. Furthermore, the

Court finds that an award of attorney fees of $14,926.00 for 32.10 hours spent on this case is reasonable given the amount of time and effort expended by plaintiff's counsel.

The Court also finds that plaintiff's motion for attorney fees is timely. The Commissioner issued the Notice of Award, which notified plaintiff of his past-due benefit amount, on December 14, 2008. The instant request was filed on April 7, 2009, approximately four months after the date of the Notice of Award.

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) and, pursuant to 42 U.S.C. § 406(b), AWARDS plaintiff's attorneys an attorney fee in the amount of $14,926.00, to be paid out of the past due benefits plaintiff received by reason of the judgment in this case. The Commissioner of the Social Security Administration shall pay directly to plaintiff's attorney, Timothy M. White, the $14,926.00 currently being withheld for such purpose. Pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), plaintiff's attorney will offset the $4,972.90 in EAJA fees previously awarded against the $14,926.00 in § 406(b) fees hereby awarded, and immediately reimburse the excess funds to plaintiff.

**IT IS SO ORDERED this 4th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE